**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James W. TOLBERT, Sr., Defendant-Appellant.**

**No. 15405.**

United States Court of Appeals
Seventh Circuit.

Oct. 5, 1966.

Harvey M. Silets, Harris, Burman & Silets, Chicago, Ill., for appellant.

James B. Brennan, U. S. Atty., Robert J. Lerner, Asst. U. S. Atty., Milwaukee, Wis., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and SWYGERT, Circuit Judges.

CASTLE, Circuit Judge.

James W. Tolbert, Sr., the defendant-appellant, prosecutes this appeal from a judgment of conviction and sentence entered upon a jury verdict finding him guilty of attempted evasion of income tax in violation of 26 U.S.C.A. § 7201 as charged in both counts of the indictment. The defendant was sentenced to imprisonment for a period of one year and one day on each count, to be served concurrently, and was fined $5000 on each count.

Defendant predicates reversible error upon, among other things, the failure of the District Court to give appropriate instructions to the jury, the court's rulings admitting certain documents into evidence, and the court's ruling prohibiting a defense witness from refreshing her memory from a list she had prepared of items of income received and their sources.

The government utilized the net worth nondeductible expenditure method of proof in its prosecution of the case, and in connection therewith a net worth summary prepared by the government's expert witness was admitted in evidence and given to the jury for use in its deliberations.

At the commencement of the trial the government tendered its requested instructions which included a series of instructions concerning the nature and theory of the net worth method of proof. The defendant joined in the request that the government's net worth instructions be given, and limited his requested instructions to additional instructions on other matters. The court did not inform counsel of its proposed action upon the requested instructions prior to their arguments to the jury, and at the conclusion of the arguments proceeded to instruct the jury but did not give either the tendered net worth instructions or any instruction concerning the net worth method of proof. At the conclusion of the instructions, and before the jurors retired to the jury room for deliberation, the court, out of the presence of the jury, inquired of counsel if there were any exceptions to the instructions as given, or any suggestions. No exceptions were taken, and no objections or suggestions were made.

The main contested issue presented for our determination is whether in an income tax evasion prosecution where the net worth method of proof is employed a complete failure to instruct the jury on the nature of that method, the assumptions on which it rests, and

the inferences available both for and against the accused, so affects substantial rights as to constitute plain error requiring a reversal despite the lack of an objection by the defendant to such omission.

In our opinion the teachings of and the admonitions made in Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150, require resolution of that issue in favor of the accused. We, therefore, reverse the defendant's conviction and remand the cause to the District Court for a new trial.

In Holland the Court cogently observed (348 U.S. 121, 127–128, 75 S.Ct. 127, 131):

"" * * * the method requires assumptions, among which is the equation of unexplained increases in net worth with unreported taxable income. Obviously such an assumption has many weaknesses. It may be that gifts, inheritances, loans and the like account for the newly acquired wealth. There is great danger that the jury may assume that once the Government has established the figures in its net worth computations, the crime of tax evasion automatically follows. The possibility of this increases where the jury, without guarding instructions, is allowed to take into the jury room the various charts summarizing the computations; bare figures have a way of acquiring an existence of their own, independent of the evidence which gave rise to them."

and after stating (p. 129, 75 S.Ct. p. 132) that "we cannot say that these pitfalls inherent in the net worth method foreclose its use" but recognizing that such pitfalls "require the exercise of great care and restraint" and that "[t]he complexity of the problem is such that it cannot be met merely by the application of general rules" proceeded to admonish that:

"Trial courts should approach these cases in the full realization that the taxpayer may be ensnared in a system which, though difficult for the prosecution to utilize, is equally hard for the defendant to refute. Charges should be especially clear, including, in addition to the formal instructions, a summary of the nature of the net worth method, the assumptions on which it rests, and the inferences available both for and against the accused. Appellate courts should review the cases, bearing constantly in mind the difficulties that arise when circumstantial evidence as to guilt is the chief weapon of a method that is itself only an approximation."

Although, in Holland the Court affirmed the convictions notwithstanding some challenges to the instructions given by the District Court in that case, this Court in United States v. Bardin, 7th Cir., 224 F.2d 255, recognized that Holland established criteria against which the adequacy of the scope of instructions in a net worth method prosecution is to be measured in cases tried subsequent to Holland. In none of the cases relied upon by the government [1] was a conviction in a net worth method tax evasion prosecution affirmed where, as here, there was a complete failure to give any instruction on the nature of the net worth method, the assumptions on which it rests, and the inferences available both for and against the accused.

The clear admonition of Holland with respect to the necessity of appropriate instructions on the nature of the net worth method of proof and on the assumptions and inferences incident thereto is to be considered in the context of the accompanying observations of the Court, including its characterization of this method of proof as being "so fraught with danger for the innocent that the courts must closely scrutinize its use" and the Court's recognition that the

---

1. United States v. Calderon, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202; Banks v. United States, 8 Cir., 223 F.2d 884, cert. den. 350 U.S. 986, 76 S.Ct. 472, 100 L.Ed. 853, among others.

complexity of the problem engendered by its use transcends resolution by application of general rules. And such consideration of the total impact of Holland convinces us that the Court intended its admonition with respect to the scope of the instructions to be given in a net worth method prosecution as enunciating a prerequisite essential to safeguard substantial rights of the accused. We are thus impelled to the conclusion that the complete lack of any instruction on the nature of the method and its concomitant assumptions and inferences affects a substantial right of the accused and constitutes plain error which brings the matter within the purview of Rule 52(b) of the Federal Rules of Criminal Procedure and requires a reversal despite the lack of an objection by the defendant to such omission.

We share the government's view that, no doubt, the able and experienced trial judge failed to give the requested net worth instructions solely through inadvertence. But had the government insisted upon compliance with Rule 30 of the Federal Rules of Criminal Procedure the court's attention might well have been focused upon these particular instructions and the error which occurred avoided. Moreover, the prosecutor was certainly remiss in his duty in not directing the court's attention to the omission when given the opportunity to except to or make suggestions concerning the instructions before the jury retired to deliberate upon a verdict.

With one exception, we do not deem it necessary to discuss the defendant's additional claims of error and the contentions of the parties with respect thereto. Suffice it to observe that the matters complained of are either not preserved for our review by appropriate and timely objection or are unlikely to arise again in a retrial of the cause.

 Inasmuch as the same question may arise on a retrial of the cause, we turn to consideration of the correctness of the trial court's ruling prohibiting Mrs. Tolbert, a defense witness, from refreshing her memory, during the course of her testimony, from a list she had earlier prepared of items of income received and their sources. This testimony was directed toward establishing the existence of a cash hoard as of the beginning net worth. The witness identified the list as having been prepared by her from her memory and from information received from others in response to inquiries she made in the course of ascertaining the source of the money she testified was kept at home as cash on hand in the early part of 1954. The court prohibited use of the list by the witness for the purpose of reviving present recollection because part of it had been prepared from hearsay. In so ruling the court erred. The limited use of the list solely for the purpose of refreshing recollection would have been proper. United States v. Rappy, 2 Cir., 157 F.2d 964, 967–968; United States v. Riccardi, 3 Cir., 174 F.2d 883, 888–889; McCormick, Evidence (1954) pp. 16–17.

The judgment order of conviction and sentence is reversed, and the cause is remanded to the District Court for a new trial.

Reversed and remanded.